IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON** <br> 11 Dupont Circle, N.W. <br> Washington, D.C. 20036 <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF THE INTERIOR** <br> 1849 C Street, N.W. <br> Washington, D.C. 20240 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 05-02339 <br> (Judge Walton) |

**DEFENDANT'S ANSWER**

Defendant the United States Department of the Interior ("DOI") hereby answers the Complaint of plaintiff Citizens for Responsibility and Ethics in Washington ("CREW").

**First Affirmative Defense**

Defendant objects to the Complaint to the extent that answering it imposes obligations upon defendant which exceed those imposed by the Freedom of Information Act ("FOIA"), 5 U.S.C. §552.

Answering the numbered paragraphs of plaintiff's Complaint, defendant responds as follows:

1.    This paragraph contains plaintiff's characterization of the nature of plaintiff's action, to which no response is required.

2.    This paragraph contains plaintiff's characterization of the nature of plaintiff's

action, to which no response is required.

3. This paragraph sets forth plaintiff's assertions of jurisdiction and venue and thus is a legal conclusion to which no response is required.

4. Defendant is without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

5. Defendant is without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

6. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, denied.

7. Admit the first sentence. The second sentence contains legal conclusions to which no response is required. To the extent a response is required to the second sentence, defendant admits that it possess and controls records responsive to plaintiff's request and admits that it has an obligation to respond and produce documents to the extent required by law; otherwise, defendant denies.

8-13. These paragraphs contain legal conclusions and recitations of statutes to which no response is required.

14. The allegations in this paragraph constitute a characterization of two newspaper articles to which no response is required. Defendant respectfully refers the Court to Exhibits A and B attached to plaintiff's Complaint for the complete version of the referenced articles.

15. The allegations in this paragraph constitute a characterization of a newspaper article to which no response is required. Defendant respectfully refers the Court to Exhibit A attached to plaintiff's Complaint for the complete version of the referenced article. To the extent

a response is required, defendant is without knowledge or information sufficient to confirm or deny the allegations in this paragraph.

16. The allegation in the first sentence of this paragraph constitutes a characterization of two newspaper articles to which no response is required. Defendant respectfully refers the Court to Exhibits B and C attached to plaintiff's Complaint for the complete version of the referenced articles. The allegation in the second sentence of this paragraph constitutes a characterization of Congressional testimony given by Senator John McCain before the Committee on Senate Indian Affairs to which no response is required. Defendant respectfully refers the Court to Exhibit D attached to plaintiff's Complaint for the complete version of the referenced testimony.

17. The allegations in this paragraph constitute a characterization of two newspaper articles to which no response is required. Defendant respectfully refers the Court to Exhibits E and F attached to plaintiff's Complaint for the complete version of the referenced articles.

18. Defendant is without knowledge or information sufficient to confirm or deny the first sentence of this paragraph. The second sentence in this paragraph constitutes a characterization of a memorandum to which no response is required. Defendant respectfully refers the Court to Exhibit G attached to plaintiff's Complaint for the complete version of the referenced memorandum.

19. The allegations in this paragraph constitute a characterization of two newspaper articles to which no response is required. Defendant respectfully refers the Court to Exhibits C and H attached to plaintiff's Complaint for the complete version of the referenced articles.

20. The allegations in this paragraph constitute a characterization of four articles to

which no response is required. Defendant respectfully refers the Court to Exhibits F, H, I, and J attached to plaintiff's Complaint for the complete version of the referenced articles.

21.     The allegations in this paragraph constitute a characterization of two newspaper articles to which no response is required. Defendant respectfully refers the Court to Exhibits J and K attached to plaintiff's Complaint for the complete version of the referenced articles.

22.     The allegations in this paragraph constitute a characterization of two newspaper articles to which no response is required. Defendant respectfully refers the Court to Exhibits K and L attached to plaintiff's Complaint for the complete version of the referenced articles.

23.     The allegations in this paragraph constitute a characterization of a newspaper article and a letter from several congressmen to which no response is required. Defendant respectfully refers the Court to Exhibits J and M attached to plaintiff's Complaint for the complete version of the referenced documents.

24.     The allegations in this paragraph constitute a characterization of a newspaper article to which no response is required. Defendant respectfully refers the Court to Exhibit B attached to plaintiff's Complaint for the complete version of the referenced article.

25.     The allegations in this paragraph constitute a characterization of a newspaper article to which no response is required. Defendant respectfully refers the Court to Exhibit N attached to plaintiff's Complaint for the complete version of the referenced article.

26.     The allegations in this paragraph constitute a characterization of a newspaper article to which no response is required. Defendant respectfully refers the Court to Exhibit O attached to plaintiff's Complaint for the complete version of the referenced article.

27.     The allegations in this paragraph constitute a characterization of a newspaper

article to which no response is required. Defendant respectfully refers the Court to Exhibit P attached to plaintiff's Complaint for the complete version of the referenced article.

28.  The allegation in this paragraph constitutes a characterization of two newspaper articles to which no response is required. Defendant respectfully refers the Court to Exhibits P and Q attached to plaintiff's Complaint for the complete version of the referenced articles.

29.  The allegations in this paragraph constitute a characterization of two newspaper articles to which no response is required. Defendant respectfully refers the Court to Exhibits R and S attached to plaintiff's Complaint for the complete version of the referenced articles.

30.  Admit that on March 18, 2005, plaintiff sent a FOIA request to defendant that sought records. To the extent any further response is required regarding the language or content of this request, defendant respectfully refers the Court to Exhibit T attached to plaintiff's Complaint for a full and accurate statement of its contents.

31.  Admit that, on March 21, 2005, defendant made a partial response to plaintiff's March 18, 2005 FOIA request, and admit that information was withheld from some of the documents pursuant to Exemption 2 of the FOIA, 5 U.S.C. §552(b)(2), Exemption 5 of the FOIA, 5 U.S.C. §552(b)(5), Exemption 6 of the FOIA, 5 U.S.C. §552(b)(6), Exemption 7(E) of the FOIA, 5 U.S.C. §552(b)(7)(E), and Exemptions 7(C) and 7(F) of the FOIA, 5 U.S.C. §§552(b)(7)(C) and (7)(F). To the extent any further response regarding the language or content of this response is required, defendant respectfully refers the Court to Exhibit U attached to plaintiff's Complaint for a full and accurate statement of its contents.

32.  Admit that, on April 12, 2005, defendant made a second partial response to plaintiff's March 18, 2005 FOIA request, and admit that information was withheld from some of

the documents pursuant to Exemption 6 of the FOIA, 5 U.S.C. §552(b)(6). To the extent any further response regarding the language or content of this response is required, defendant respectfully refers the Court to Exhibit V attached to plaintiff's Complaint for a full and accurate statement of its contents.

33. Admit that, on April 27, 2005 defendant made a final response to plaintiff's March 18, 2005 FOIA request, and admit that information was withheld from some of the documents pursuant to Exemption 2 of the FOIA, 5 U.S.C. §552(b)(2), Exemption 5 of the FOIA, 5 U.S.C. §552(b)(5), and Exemption 6 of the FOIA, 5 U.S.C. §552(b)(6). To the extent any further response regarding the language or content of this response is required, defendant respectfully refers the Court to Exhibit W attached to plaintiff's Complaint for a full and accurate statement of its contents.

34. Admit that on April 5, 2005, plaintiff sent a FOIA request to defendant that sought records, but deny that it was a "follow-up" request. To the extent any further response regarding the language or content of this request is required, defendant respectfully refers the Court to Exhibit X attached to plaintiff's Complaint for a full and accurate statement of its contents.

35. Admit that on July 29, 2005, defendant responded to plaintiff's April 5, 2005 FOIA request, and admit that the response stated that defendant was unable to locate any records responsive to that request. To the extent any further response regarding the language or content of this response is required, defendant respectfully refers the Court to Exhibit Y attached to plaintiff's Complaint for a full and accurate statement of its contents.

36. Defendant is without knowledge or information sufficient to confirm or deny the

allegations in this paragraph.

37. With respect to the first sentence of this paragraph, admit that plaintiff contacted Linda Thomas regarding plaintiff's FOIA request, but deny that Ms. Thomas is a FOIA Officer of defendant. With respect to the second sentence, defendant is without knowledge or information sufficient to confirm or deny the allegation that as a result of the conversation between plaintiff and Ms. Thomas, and at the recommendation of Ms. Thomas, plaintiff filed a FOIA request on September 26, 2005. Defendant admits that on September 26, 2005, plaintiff filed a FOIA request via email to Ms. Thomas. To the extent any further response regarding the language or content of this request is required, defendant respectfully refers the Court to Exhibit Z attached to plaintiff's Complaint for a full and accurate statement of its contents.

38. Admit the first sentence. To the extent any further response is required regarding the language or content of this response, defendant respectfully refers the Court to Exhibit AA attached to plaintiff's Complaint for a full and accurate statement of its contents. Deny the remainder of the paragraph.

39. Admit that on October 20, 2005, plaintiff appealed defendant's responses to its FOIA requests of March 18, 2005, April 5, 2005, and September 26, 2005. The second sentence constitutes a characterization of plaintiff's appeal to which no response is required. To the extent any further response is required regarding the language or content of this appeal, defendant respectfully refers the Court to Exhibit BB attached to plaintiff's Complaint for a full and accurate statement of its contents. Deny the remainder of the paragraph.

40. The first, third and fourth sentences of this paragraph contains plaintiff's characterization of its October 20, 2005 FOIA appeal to which no response is required. To the

extent a response is required, defendant respectfully refers the Court to Exhibit BB attached to plaintiff's Complaint for a full and accurate statement of its contents. Defendant is without knowledge or information sufficient to confirm or deny the allegation in the second sentence.

41. Admit the first sentence. To the extent any further response is required regarding the language or content of defendant's decision on plaintiff's appeal, defendant respectfully refers the Court to Exhibit CC attached to plaintiff's Complaint for a full and accurate statement of its contents. Deny the remainder of the paragraph.

42. Admit the first sentence. To the extent any further response to this paragraph is required, defendant respectfully refers the Court to Exhibit DD attached to plaintiff's Complaint for a full and accurate statement of its contents.

43. Deny.

44. This paragraph constitutes a legal conclusion to which no response is required; to the extent a response is required, defendant denies.

PLAINTIFF'S CLAIMS FOR RELIEF

CLAIM ONE
(Failure to Conduct an Adequate Search)

45. To the extent plaintiff realleges and incorporates all preceding paragraphs, defendant refers the Court to its responses to those specific preceding paragraphs.

46. This paragraph contains a legal conclusion to which no response is required.

47. Deny.

48. Deny.

49. This paragraph contains a legal conclusion to which no response is required, but

to the extent an answer is deemed necessary, defendant denies the allegation in the paragraph.

## CLAIM TWO
(BIA's Failure to Produce Records)

50. To the extent plaintiff realleges and incorporates all preceding paragraphs, defendant refers the Court to its responses to those preceding paragraphs.

51. This paragraph contains a legal conclusion to which no response is required.

52. This paragraph contains a legal conclusion to which no response is required.

53. This paragraph contains a legal conclusion to which no response is required, but to the extent an answer is deemed necessary, defendant denies the allegation in this paragraph.

## CLAIM THREE
(BIA's Failure to Respond)

54. To the extent plaintiff realleges and incorporates all preceding paragraphs, defendant refers the Court to its responses to those preceding paragraphs.

55. Admit.

56. Deny.

57. This paragraph contains a legal conclusion to which no response is required; to the extent a response is required, defendant denies.

The balance of the Complaint constitutes a prayer for relief to which no answer is required. Defendant denies that plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations not expressly admitted or denied.

THEREFORE, having fully answered, defendant asserts that plaintiff is not entitled to the relief requested, or to any relief whatsoever.

Dated: February 8, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney
for the District of Columbia

 /s/
ELIZABETH J. SHAPIRO (D.C. Bar 418925)
SIOBHAN K. MADISON
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7223
Washington, D.C. 20001
(202) 353-2646
*Attorneys for Defendant*