# DEFENDANT'S EXHIBIT 003

Declaration of Thomas H. Hartman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON ( <br> ( <br> Plaintiff, ( <br> ( <br> v. ( <br> ( <br> U.S. DEPARTMENT OF THE INTERIOR, ( <br> ( <br> Defendant. ( <br> ( | Case No. 1: 05CV02339 <br> (Judge Walton) |

DECLARATION OF THOMAS H. HARTMAN

I, Thomas H. Hartman, hereby declare as follows:

1. I am the Freedom of Information Act (FOIA) Coordinator for the Office of Indian Gaming Management (OIGM), in the Office of the Assistant Secretary – Indian Affairs (AS-IA) at the United States Department of the Interior (Department), a position I have held for the past eleven years. In my capacity as FOIA Coordinator, I am responsible for responding to FOIA requests which seek information that resides in the OIGM and/or information concerning matters within the purview of the OIGM that resides in the regional offices of the BIA.

2. On or before July 6, 2005, I received from Willie S. Chism, FOIA Officer of the AS-IA Office of Information Policy, copies of two FOIA requests submitted by Ms. Anne L. Weismann of the Citizens for Responsibility and Ethics in Washington (CREW).

2

3. The first request, which was numbered internally as FOIA # 06207, was dated April 5, 2005 and addressed to Linda Thomas, a FOIA processor in the Office of the Secretary. A true and correct copy of this request is attached hereto as Exhibit 1.

4. On page three of Exhibit 1, Ms. Weismann requests copies of all electronic records, from January 1, 2001 to the present, relating to contacts between the Director of the OIGM and the following Indian tribes: Agua Caliente Tribe; Tigua Tribe; Saginaw Tribe; Mississippi Band of Choctaw Indians; Coushatta Tribe and Jena Band of Choctaw Indians.

5. The OIGM has been disconnected from the Internet since December 2001 to the present and, therefore, has not had the capacity to transmit or receive any external electronic mail messages during that time period. In light of that situation, I readily determined that the OIGM has no records consisting of electronic mail messages transmitted between the Director of the OIGM and the Indian tribes identified by Ms. Weismann. The offices of the AS-IA and the BIA are able to exchange internal electronic mail with one another via the Department's intranet. Therefore, I searched for responsive electronic mail messages that might have been exchanged via the Department's intranet between the OIGM and the regional offices of the BIA, but did not find any such messages.

6. Accordingly, I drafted a response to Ms. Weismann, stating that the OIGM has no records responsive to her request.

7. The second request, which was numbered internally as FOIA # 06206, was dated April 21, 2005 and addressed to Ms. Chism. A true and correct copy of this request is attached hereto as Exhibit 2.

8. In Exhibit 3, Ms. Weismann requests information concerning any contacts, from January 2001 to the present, between the Director of the OIGM and the tribes listed in paragraph 4 above. Ms. Weismann further states that "[m]ore specifically, we are seeking information pertaining to efforts of any of the above-delineated tribes to receive DOI approval for gaming."

9. I searched the files of the OIGM and determined that we have many thousands of pages of records that are responsive to this request. Based on my knowledge and experience, I also estimated that the regional offices of the BIA would likely have many responsive documents.

10. Pursuant to our regulations, 43 C.F.R. Subpart C §2.8(a)(1), FOIA requests must describe the requested records in enough detail to enable an employee familiar with the subject area of the request to locate the records with a reasonable amount of effort. I determined that subject area of request # 06206 was too broad and general to meet this requirement.

11. Therefore, I drafted a letter for the signature of Ms. Chism asking Ms. Weismann to indicate with more specificity the geographical location and time frame, and whether the request covers only records in headquarters or in the Department of Interior's field offices as well.

12. On July 6, 2005, I transmitted the draft responses referenced in paragraphs 6 and 10 above, via the Department's intranet, to my secretary for her to put in final form and transmit to Willie Chism for her signature.

13. To my knowledge, CREW has not responded to this invitation to narrow its request and the request remains open.

3

14. Nothing further was brought to my attention with respect to the two FOIA requests until last month when I was contacted by the Office of the Solicitor and informed that CREW has filed a lawsuit against the Department claiming that the BIA failed to produce records and timely respond to the requests.

15. All of the information set forth in this declaration is based upon my personal knowledge or upon information furnished to me in my official capacity.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20st day of April 2006.

_____
Thomas H. Hartman
FOIA Coordinator
Office of Indian Gaming Management



# CREW | citizens for responsibility and ethics in washington

April 5, 2005

By Email

Ms. Linda Thomas
Office of the Secretary
Department of the Interior
1849 C Street, N.W.
Washington, D.C. 20240
email: osfoia@nbc.gov

Re: FOIA Request OS-2005-00296

Dear Ms. Thomas:

On March 18, 2005, Citizens for Responsibility and Ethics in Washington ("CREW") filed a Freedom of Information Act ("FOIA") request with the Department of the Interior (Request OS-2005-00296) seeking records, regardless of format and including electronic records and information, relating to the following:

[A]ny contact, dating from January 1, 2001, to the present, that any office of the Department of the Interior may have had, including any and all field offices, with Jack Abramoff, any employee of the firm Greenberg Traurig, any employee of the firm Preston Gates, Michael Scanlon, any officer or employee of Capitol Campaign Strategies, James Dobson, Ralph Reed, Scott Reed, Italia Federeci, any officer or employee of the Council of Republicans for Environmental Advocacy, any officer or employee of the National Center of Public Policy Research, Grover Norquist, any officer or employee of Americans for Tax Reform, General Services Administration Chief of Staff David Safavian, Congressman Robert Ney, any employee in the office of Congressman Ney, Congressman Tom DeLay, any employee in the office of Congressman Tom DeLay or in the office of the Majority Leader, Speaker of the House Dennis Hastert, any employee in the office of Congressman Hastert or in the office of the Speaker of the House, Senator Conrad Burns, any employee in the office of Senator Burns, concerning any matter within the jurisdiction of the Bureau of Indian Affairs.

CREW's March 18, 2005 FOIA request also sought:

[A]ny records, dating from January 1, 2001, to the present, from any office of the Department of the Interior, including but not limited to the Office of the Secretary, the Office of the Deputy Secretary and the Bureau of

11 Dupont Circle, N.W., 2nd Floor • Washington, D.C. 20036
(c) 202.588.5565 (f) 202.841.7096

Indian Affairs regarding the Agua Caliente Tribe of Palm Spring, California, the Tigua Tribe of El Paso, Texas, the Saginaw Chippewa Tribe of Michigan, the Mississippi Band of Choctaw Indians, the Coushatta Tribe of Louisiana, and the Jena Band of Choctaw Indians.

By letter dated March 21, 2005, your office acknowledged receipt of CREW's FOIA request, and stated that you were sending CREW a partial response consisting of 218 documents. In a follow-up telephone conversation between Melanie Sloan and Sue Ellen Sloca, we were advised that the Department of the Interior ("DOI") had also produced certain travel records, and was sending some additional documents, which CREW has now received. In addition, your office stated it was searching the Secretary's Automated Correspondence Indexing system for correspondence between all the relevant parties named in CREW's FOIA request and would also provide CREW with certain additional calendar information.

In a subsequent telephone conversation, CREW also requested that DOI search electronic records for responsive information within the parameters of CREW's FOIA request. You indicated that, notwithstanding the language of our March 18, 2005 FOIA request specifying that the records we sought included electronic records, a request for such records should be considered as a new FOIA request in light of the prior discussions between our offices. While we do not agree that a new FOIA request is necessary, we are nevertheless submitting this letter outlining the additional documents we seek and ask that, if necessary, you consider this letter to constitute a FOIA request and process it accordingly. It is our understanding that even if deemed a new FOIA request, it will be combined with our March 18, 2005 FOIA request and processed simultaneously.

Specifically, CREW seeks all electronic records relating to any contact, dating from January 1, 2001, to the present, that any of the following individuals may have had with the individuals and entities outlined in our March 18, 2005 FOIA request relating to any matter within the jurisdiction of the Bureau of Indian Affairs, and all contacts the following individuals had with the six Indian Tribes listed in our request:

Secretary Gale Norton
William D. Betterberg, Director, Office of Policy Analysis
James E. Carson, Associate Deputy Secretary
Tom Fulton, Deputy Assistant Secretary, Land and Minerals Management
J. Steven Griles, former Deputy Secretary
Kit Kimball, Director, Office of External and Intergovernmental Affairs
Ann Klee, Counselor to the Secretary
Michael Rossetti, Counselor to the Secretary
Lynn Scarlett, Assistant Secretary for Policy, Management and Budget

Brian Waidmann, Chief of Staff
Sue Ellen Wooldridge, Deputy Chief of Staff
William G. Myers, III, Solicitor
Lawrence Jensen, Counsel, Office of the Solicitor
Mathew E. McKeown, Special Assistant, Office of the Solicitor
David W. Anderson, Assistant Secretary, Indian Affairs
Ross Swimmer, Special Trustee for Indian Affairs
George T. Skibine, Director, Office of Indian Gaming Management
Aurene Martin, Principal Deputy Assistant Secretary, Indian Affairs

In addition, to the extent not listed above, we seek all electronic records relating to the above-delineated contacts for the individuals who occupied the following positions in DOI's Bureau of Indian Affairs from January 1, 2001, to the present:

Director, III Office of American Indian Trust
Director, IAE Office of Audit and Evaluation
Deputy Director, IAE Office of Audit and Evaluation
Director, ISC Office of Self Governance
Compact Negotiation Manager, ISC Office of Self Governance
Compact Negotiation Specialist, ISC Office of Self Governance
Director, OIE Office of Indian Education Programs
Deputy Director, OIE Office of Indian Education Programs
Chief, 13 Branch of Management Information Services
Chief, 30 Division of Planning/Oversight and Evaluation
Chief, 30 Branch of Planning
Deputy Commissioner of Indian Affairs
Director, 120 Congressional and Legislative Affairs
Legislative Coordinator, 120 Congressional and Legislative Affairs
Director, 130 Indian Gaming Management Staff
Secretary, 130 Indian Gaming Management Staff
Management Analyst, 130 Indian Gaming Management Staff
Director, Office of Trust Responsibilities
Director, Office of Information Resources Management
Director, Office of Tribal Services
Secretary, Division of Tribal Government Services
Chief, Branch of Tribal Enrollment
Chief, Branch of Tribal Relations
Director, Office of Management and Administration
Director, Office of Economic Development

In addition, we request all documents, regardless of format, medium or physical characteristics, that relate in any way to a meeting Secretary Norton had on November 8, 2002, with Clint Bolick, Grover Norquist, Chip Mellor and Sue Ellen Wooldridge. Our

request includes, but is not limited to, any telephone messages, voice mail messages, daily agenda and calendar information about this meeting, whether in-person or over the telephone, agendas for this meeting, minutes of this meeting, e-mail regarding this meeting, e-mail or facsimiles sent as a result of this meeting, and any transcripts or notes of this meeting.

If it is DOI's position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). Please refer to our FOIA request of March 18, 2004, for an explanation of what the Vaughn index must include.

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. §552(b) ("Any reasonably segregable portions of a record shall be provided to any person requesting such records after deletion of the portions which are exempt..."). For a further explanation of the agency's responsibilities in this regard, please see CREW's March 18, 2005 FOIA request.

In accordance with 5 U.S.C. §552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of the process used by the Department of the Interior to approve tribal bids for casinos on Indian lands.

CREW is a non-profit corporation, organized under section 501(C)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the governmental decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases. Under these circumstances, CREW fully satisfies the criteria for a fee waiver.

Please respond to this request in writing within twenty (20) days as required under 5 U.S.C. §552(a)(6)(A)(I). If all of the requested documents are not available

within that time period, CREW requests that you provide it with all requested documents or portions of documents that are available within that time period.

If you have any questions about this request, or foresee problems in releasing fully the requested records within the 20-day period, please call me within that time period, at (202) 588-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such a determination. Please send the requested documents to Melanie Sloan, Citizens for Responsibility and Ethics in Washington, 11 Dupont Circle, N.W., 2nd Floor, Washington, D.C. 20036.

Finally, we really appreciate the timeliness and professional courtesy your office has shown to date, and look forward to working with you in a continued cooperative manner.

Sincerely,

Anne L. Weismann
Staff Attorney

# CREW | citizens for responsibility and ethics in washington

April 21, 2005

Willie Chism
U.S. Department of Interior
BIA Office of Information and Policy
625 Herndon Parkway
Herndon, Virginia 20170

BY FAX: 703-735-4416

Dear Ms. Chism:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, et seq. This request is a follow-up to a FOIA request CREW directed to the Unites States Department of the Interior on April 5, 2005, and is made at the suggestion of Sue Ellen Sloca, Office of the Secretary, FOIA Officer.

This request relates to any contact, dating from January 1, 2001, to the present, that any of the individuals who occupied the following positions in DOI's Bureau of Indian Affairs from January 1, 2001, to the present may have had regarding the Agua Caliente Tribe of Palm Springs, California, the Tigua Tribe of El Paso, Texas, the Saginaw Chippewa Tribe of Michigan, the Mississippi Band of Choctaw Indians, the Coushatta Tribe of Louisiana, and the Jena Band of Choctaw Indians. More specifically, we are seeking information pertaining to efforts of any and all of the above-delineated tribes to receive DOI approval for gaming, including, but not limited to, any lobbying efforts by private individuals or members of Congress.

Director, IIT Office of American Indian Trust
Director, IAE Office of Audit and Evaluation
Deputy Director, IAE Office of Audit and Evaluation
Director, ISC Office of Self Governance
Compact Negotiation Manager, ISC Office of Self Governance
Compact Negotiation Specialist, ISC Office of Self Governance
Director, OIE Office of Indian Education Programs
Deputy Director, OIE Office of Indian Education Programs

Director, OIE Office of Indian Education Programs
Deputy Director, OIE Office of Indian Education Programs
Chief, 13 Branch of Management Information Services
Chief, 30 Division of Planning/Oversight and Evaluation
Chief, 30 Branch of Planning
Deputy Commissioner of Indian Affairs
Director, 120 Congressional and Legislative Affairs
Legislative Coordinator, 120 Congressional and Legislative Affairs
Director, 130 Indian Gaming Management Staff
Secretary, 130 Indian Gaming Management Staff
Management Analyst, 130 Indian Gaming Management Staff
Director, Office of Trust Responsibilities
Director, Office of Information Resources Management
Director, Office of Tribal Services
Secretary, Division of Tribal Government Services
Chief, Branch of Tribal Enrollment
Chief, Branch of Tribal Relations
Director, Office of Management and Administration
Director, Office of Economic Development

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts or notes of any such meetings and/or discussions.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide it with an index of those documents as required under <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), <u>cert. denied</u>, 415 U.S. 977 (1972). As you are aware, a <u>Vaughn</u> index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." <u>Founding Church of Scientology v. Bell</u>, 603 F.2d 945, 949 (D.C. Cir. 1979). Moreover, the <u>Vaughn</u> index must "describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of supplying the sought-after information." <u>King v. U.S. Dep't of Justice</u>, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" <u>Id.</u> at 224 (citing Mead Data Central v. U.S. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

2

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. *See* 5 U.S.C. §552(b). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible, please state what portion of the document is non-exempt, and how the material is dispersed throughout the document. *Mead Data Central*, 566 F.2d at 261. Claims of nonsegregability must be made with the same degree of detail as required for claims of exemptions in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

**Fee Waiver Request**

In accordance with 5 U.S.C. §552(a)(4)(A)(iii), CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). *See, e.g., McClellan Ecological v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding of the process used by the Department of the Interior to approve tribal bids for casinos on Indian lands.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to the protection of the citizen's right to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. CREW uses a combination of research, litigation, and advocacy to advance its mission. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memorandums, reports or press releases.

Under these circumstances, CREW fully satisfied the criteria for a fee waiver.

**Conclusion**

Please respond to this request in writing within twenty (20) working days as required under 5 U.S.C. §552(a)(6)(A)(i). If all of the requested documents are not available within that time period, CREW requests that you provide it with all requested documents or portions of documents which are available within that time period.

If you have any questions about this request or foresee any problems in releasing fully the requested records within the twenty-day period, please call either Anne Weismann or Melanie

3

Sloan at (202) 588-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact our office immediately upon making such determination. Please send the requested documents to Melanie Sloan, Citizens for Responsibility and Ethics in Washington, 11 Dupont Circle, N.W., 2nd Floor, Washington, D.C. 20036.

Sincerely,

ANNE L. WEISMANN