## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— :
CITIZENS FOR RESPONSIBILITY AND       :
ETHICS IN WASHINGTON                  :
11 Dupont Circle, N.W.                :
Washington, D.C.  20036               :
                                      :
     Plaintiff,                      :
                                      :
     v.                              :     No. 05-2339 (RBW)            :
U.S. DEPARTMENT OF THE INTERIOR       :
1849 C Street, N.W.                   :
Washington, D.C.  20240               :
                                      :
     Defendant.                      :
———————————————————— :

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to LcvR 7(h), Plaintiff Citizens for Responsibility and Ethics in Washington

("CREW") hereby responds to Defendant U.S. Department of the Interior's ("DOI") statement of

undisputed material facts:

1.  Plaintiff admits that on March 18, 2005, it requested documents from DOI under the

Freedom of Information Act ("FOIA"), and refers the Court to that request for a full and

complete statement of its contents.  Plaintiff further admits that on April 21, 2005, at the specific

suggestion of Sue Ellen Sloca, the FOIA office in DOI's Office of the Secretary, CREW

requested documents under the FOIA from the Bureau of Indian Affairs ("BIA"), and refers the

Court to that request for a full and complete statement of its contents.  CREW also admits that on

September 27, 2005, at DOI's suggestion, CREW requested documents from DOI under the

FOIA, and refers the Court to that request for a full and complete statement of its contents.

CREW denies that its letter of April 5, 2005, was properly treated as a separate FOIA request in

view of the fact that it reiterated CREW's request for all electronic records related to the

individuals set forth in CREW's March 18, 2005 letter and their contacts with the six Indian

tribes listed in that letter, and CREW refers the Court to the April 5, 2005 letter for a full and

complete statement of its contents.

2 - 6.  These paragraphs are a characterization of Plaintiff's letter of March 18, 2005,

which speaks for itself.  The Court is referred to that letter for a full and complete statement of

its contents.  Plaintiff specifically disputes that the March 18 request focused primarily on

contacts between offices of DOI and Jack Abramoff, employees of different firms, and members

of Congress and their staff, as the language of the letter does not support this characterization.

7.  The facts in this paragraph are not material to this action.

8.  Plaintiff admits that according to Ms. Thomas's declaration, at the time she received

CREW's March 18, 2005 request, the Office of the Secretary ("OS") had already processed other

FOIA requests seeking related information.

9.  Admitted.

10.  Plaintiff admits that according to Ms. Thomas's declaration, during her telephone

conversation with Melanie Sloan on March 18, 2005, Ms. Thomas explained that OS had already

processed a number of similar FOIA requests.  Plaintiff denies any implication that Ms. Thomas

identified for Ms. Sloan the other FOIA requesters listed in footnote 2 to paragraph 8.

11.  Plaintiff admits that Ms. Thomas promised to immediately provide CREW with all

documents responsive to CREW's March 18, 2005 request that DOI had already provided to

other requesters.  To the extent this paragraph purports to contain what Ms. Thomas actually

stated, Plaintiff denies based on Defendant's failure to provide evidence of actual, verbatim

statements that either Ms. Thomas or Ms. Sloan made during their March 18, 2005 telephone conversation.

12.  Plaintiff admits that according to Ms. Thomas's declaration, she promised to coordinate a search of the Secretary's Automated Correspondence Indexing System and search for and provide CREW with a non-exempt calendar information for Secretary Norton and former Deputy Secretary Griles through November 2004.  To the extent this paragraph purports to contain what Ms. Thomas actually stated, Plaintiff denies given Defendant's failure to provide evidence of actual, verbatim statements that either Ms. Thomas or Ms. Sloan made during their March 18, 2005 telephone conversation.

13.  Plaintiff admits that CREW agreed to accept as an initial first step toward satisfying its FOIA request the documents Ms. Thomas had promised, specifically the documents provided other FOIA requesters and the documents discovered as a result of the searches described in paragraph 12.  Plaintiff denies any implication that these search efforts would be sufficient to fully satisfy CREW's request of March 18, 2005 or that CREW so agreed   *See* Email from Anne L. Weismann to Linda Thomas, Office of the Secretary, DOI, April 5, 2005 (Exhibit X to Complaint).

14.  Plaintiff admits that according to Ms. Thomas's declaration, she forwarded a copy of the March 18, 2005 request to Ms. Nancy Appler, the FOIA contact for the Department's Office of Congressional Legislative Affairs, on March 21, 2005.

15.  Plaintiff admits that according to Ms. Thomas's declaration, she requested that Ms. Appler conduct a search of the Secretary's Automated Correspondence Indexing System and search the calendars for Secretary Norton and former Deputy Secretary Griles.

16. Plaintiff admits that according to Ms. Thomas's declaration, she forwarded a copy of CREW's March 18, 2005 FOIA request to Willie Chism, FOIA Officer for the BIA, and requested that BIA respond directly to CREW.

17. Plaintiff admits that on March 21, 2005, OS provided a response to CREW's request of March 18, 2005, and refers the Court to that response for a full and complete statement of its contents.

18. Plaintiff admits that the DOI withheld information pursuant to FOIA Exemptions 2, 5, 6, 7(E), 7(C), and 7(F). The remainder of this paragraph is not material to this litigation, in which Plaintiff is not challenging the documents or portions of documents that DOI has released.

19-20. These paragraphs are a characterization of DOI's letter of March 21, 2005, which speaks for itself. The Court is referred to that letter for a full and complete statement of its contents. Plaintiff specifically disputes the chronology in the letter described in these paragraphs.

21. Plaintiff admits that on April 12, 2005, DOI provided another response to CREW's FOIA request of March 18, 2005.

22. Plaintiff admits that the DOI withheld information pursuant to Exemption 6 of the FOIA. The remainder of this paragraph is not material to this action, in which Plaintiff is not challenging the documents or portions of documents that DOI has released.

23. This paragraph is a characterization of part of DOI's letter of April 21, 2005, which speaks for itself. The Court is referred to that letter for a full and complete statement of its contents. Plaintiff specifically disputes that CREW agreed to accept appointment records for Secretary Norton and for former Deputy Secretary Griles from the beginning of such records until at least well into 2004, and for all of the parties and topics mentioned, and the index results of a

search of the Secretary's Automated Correspondence Indexing System aside from the referral to

BIA as a full and complete response by DOI to CREW's request of March 18, 2005. *See* Email

from Anne L. Weismann to Linda Thomas, Office of the Secretary, DOI, April 5, 2005 (Exhibit X

to Complaint).

24.  Plaintiff admits that on April 27, 2005, the OS provided a response to CREW's FOIA

request of March 18, 2005, which the OS characterized as "final."  Plaintiff disputes that this

response was, in fact, final, as it failed to account for any of the email CREW sought through its

March 18, 2005 request.

25.  Plaintiff admits that the DOI withheld information pursuant to Exemptions 2, 5, and 6

of the FOIA.  The remainder of this paragraph is not material to this action, in which Plaintiff is

not challenging the documents or portions of documents that DOI has released.

26.  This paragraph is a characterization of part of DOI's letter of April 27, 2005, which

speaks for itself.  The Court is referred to that letter for a full and complete statement of its

contents.  Plaintiff disputes that CREW agreed to limit the scope of its original request of March

18, 2005, beyond its initial agreement that DOI could, as a first step, limit its search to

appointment records for Secretary Norton and for former Deputy Secretary Griles from the

beginning of such records until at least well into 2004, and for all of the parties and topics

mentioned, and the index results of a search of the Secretary's Automated Correspondence

Indexing System.  *See* Email from Anne L. Weismann to Linda Thomas, Office of the Secretary,

DOI, April 5, 2005 (Exhibit X to Complaint).

27.  This paragraph is a characterization of part of the April 27, 2005 letter, which speaks

for itself.  The Court is referred to DOI's letter of April 27, 2005, for a full and complete

statement of its contents.

Plaintiff disputes Defendant's labeling of CREW's letter of April 5, 2005 as a "Second Request."  *See* Email from Anne L. Weismann to Linda Thomas, Office of the Secretary, DOI, April 5, 2005 (Exhibit X to Complaint).

28.  Plaintiff admits that Anne Weismann, on behalf of CREW, contacted Ms. Thomas by telephone on or before April 5, 2005, and that as part of that conversation Ms. Weismann requested that DOI search for the electronic records requested in CREW's FOIA request of March 18, 2005.

29.   Plaintiff disputes that CREW had narrowed its request to exclude electronic records. *See* Email from Anne L. Weismann to Linda Thomas, Office of the Secretary, DOI, April 5, 2005 (Exhibit X to Complaint).  Plaintiff admits that as part of that telephone conversation, Ms. Thomas requested that CREW submit a new FOIA request and that, according to Ms. Thomas's declaration, she also advised Ms. Weismann that DOI had almost completed its processing of the March 18, 2005 request.  Plaintiff avers that Ms. Thomas also promised Ms. Weismann that the new request Ms. Thomas was asking CREW to make would be combined with CREW's request of March 18, 2005, and processed simultaneously.  *See* Email from Anne L. Weismann to Linda Thomas, Office of the Secretary, DOI, April 5, 2005 (Exhibit X to Complaint).

30.  Plaintiff admits that it sent a letter dated April 5, 2005, to DOI.  Plaintiff disputes the characterization of this letter as a "second FOIA request." *See* Email from Anne L. Weismann to Linda Thomas, Office of the Secretary, DOI, April 5, 2005 (Exhibit X to Complaint).

31-37.  These paragraphs are a characterization and selected portions of CREW's letter of April 5, 2005, which speaks for itself.  The Court is referred to that letter for a full and complete

statement of its contents.

38.  The facts in this paragraph are not material to this action.

39.  Plaintiff admits that according to Ms. Thomas's declaration, she contacted Ms. Appler on April 27, 2005, to request that she search electronic records responsive to CREW's request.

40.  Plaintiff admits that according to Ms. Thomas's declaration, Ms. Appler contacted Mr. Estel Lewis at the National Business Center with instructions to search for archived email messages belonging to OS officials and employees listed in CREW's request that no longer work for DOI.  Plaintiff lacks sufficient information to determine the truth of these assertions, as Ms. Thomas does not explain how she learned of these actions by Ms. Appler.

41.  Plaintiff admits that according to Ms. Thomas's declaration, she contacted Terrie Musgrove, the FOIA Officer for DOI's Office of the Solicitor, Ms. Willis Chism, the FOIA Officer for the BIA, and the FOIA contacts for the Office of Policy, Management and Budget and the Office of Policy Analysis with requests to search for electronic records responsive to CREW's request.

42.  Plaintiff admits that according to Ms. Thomas's declaration, she personally searched for responsive emails for former Deputy Assistant Secretary for Land and Minerals Management Thomas Fulton, on a CD-Rom of his archived electronic messages.

43.  Plaintiff admits that in her declaration Ms. Thomas stated that in her judgment these offices were the ones within the DOI most likely to have responsive documents, but avers that she did not adequately give the underlying basis for her judgment.

44.  Plaintiff admits that on August 24, 2005, the OS provided a response that it stated was in response to CREW's letter of April 5, 2005, which the OS characterized as "final."  Plaintiff

disputes that this response was, in fact, final, as it failed to account for any of the email CREW sought through its March 18, 2005 request as reiterated in CREW's letter of April 5, 2005.

45. Plaintiff admits that the DOI withheld information pursuant to Exemptions 6 of the FOIA. The remainder of this paragraph is not material to this action, in which Plaintiff is not challenging the documents or portions of documents that DOI has released.

46-47. These paragraphs are a characterization of selected portions of DOI's August 24, 2005 letter, which speaks for itself. The Court is referred to that letter for a full and complete statement of its contents.

48. Plaintiff admits that according to Mr. Thomas Hartman's declaration, he processed the request for electronic documents contained in CREW's letter of April 5, 2005.

49. The facts in this paragraph are not material to this action.

50. Plaintiff admits that according to Mr. Hartman's declaration, the OIGM is and has been disconnected from the Internet since December 2001, and has lacked the capacity to transmit or receive any external electronic mail messages.

51. Plaintiff admits that according to Mr. Hartman's declaration, he was able to readily determine that the OIGM has no records consisting of electronic mail messages transmitted between the Director of the OIGM and the Indian tribes identified in CREW's letter of April 5, 2005.

52. Plaintiff admits that according to Mr. Hartman's declaration, he searched for responsive electronic mail messages that might have been exchanged via DOI's intranet between the OIGM and the regional offices and that he did not find responsive documents.

53-55. These paragraphs are a characterization of portions of a letter dated July 29, 2005,

8

that Ms. Chism sent to CREW, which speaks for itself. The Court is referred to that letter for a full and complete statement of its contents. Plaintiff disputes these paragraphs to the extent they characterize CREW's request as only for electronic records between six Indian tribes and Mr. George T. Skibine, Director, Office of Indian Gaming Management.

Plaintiff disputes Defendant's labeling of CREW's request of April 21, 2005 as a "Third Request." *See* Email from Anne L. Weismann to Linda Thomas, Office of the Secretary, DOI, April 5, 2005 (Exhibit X to Complaint).

56-59. These paragraphs are a characterization of an April 21, 2005 FOIA request that CREW sent to BIA, which speaks for itself. The Court is referred to that letter for a full and complete statement of its contents.

60. The facts in this paragraph are not material to this action.

61. Plaintiff admits that according to Mr. Hartman, he determined that the request was too broad and general to satisfy 43 C.F.R. §2.28(a)(1). The remainder of this paragraph is a conclusion of law, not statement of fact. Plaintiff disputes that its request was too broad and general and avers that it made this request at the specific recommendation of DOI's Sue Ellen Sloca. Letter from Anne L. Weismann to Willie Chism, April 21, 2005 (Exhibit DD to Complaint).

62. Plaintiff admits that according to Mr. Hartman, he prepared a letter for Ms. Chism's signature that, in part, asked CREW to narrow its request.

63. Plaintiff disputes that Ms. Chism signed a letter dated July 29, 2005, and further that Exhibit D to Ms. Chism's Declaration is evidentiary support for this averment. Plaintiff further disputes that BIA in fact responded to CREW's request of April 21, 2005. *See* Declaration of

Anne L. Weismann (Exhibit 1 to Plaintiff's Opposition).  Footnote 4 to this paragraph is a characterization of two letters, Exhibit D to the Chism Declaration and Plaintiff's Exhibit Y, which speak for themselves.  The Court is referred to those documents for full and complete statements of their contents.  While both letters purport to be from Ms. Chism, plaintiff disputes that the letter purporting to pertain to CREW's April 21, 2005 request was actually sent by BIA.

64.  Plaintiff disputes that it was ever notified of anything by BIA with respect to CREW's request of April 21, 2005.  *See* Declaration of Anne L. Weismann (Exhibit 1 to Plaintiff's Opposition).

65.  This paragraph contains a characterization of a July 29, 2005 letter that was drafted but never received by CREW, which speaks for itself.  The Court is referred to that draft letter for a full and complete statement of its contents.

66.  Plaintiff disputes that it was ever informed by BIA that BIA would not proceed with the request until CREW provided additional clarification.  *See* Declaration of Anne L. Weismann (Exhibit 1 to Plaintiff's Opposition).

67.  Plaintiff admits that it has not responded to this so-called request and avers that it never received this request.  *See* Declaration of Anne L. Weismann (Exhibit 2 to Plaintiff's Opposition).

68.  Plaintiff is unable to respond to the averments in this paragraph as it does not know what BIA means by "open."  To the extent DOI is stating that BIA has not yet fulfilled Plaintiff's FOIA request of April 21, 2005, Plaintiff admits.  To the extent DOI is stating that this matter is still at the administrative stage, Plaintiff denies as it has constructively exhausted its administrative remedies.

Plaintiff disputes Defendant's labeling of CREW's request of September 26, 2005 as a "Fourth Request."  *See* Email from Anne L. Weismann to Linda Thomas, Office of the Secretary, DOI, April 5, 2005 (Exhibit X to Complaint).

69.  Plaintiff admits.

70.  Plaintiff admits that Ms. Weismann telephoned Ms. Thomas after reading a *Washington Post* article published on August 28, 2005.  The remainder of this paragraph is a characterization of that article, which speaks for itself.  The Court is referred to the article for a full and complete statement of its contents.

71-72.  These paragraphs contain characterizations of part of a newspaper article, which speaks for itself.  The Court is referred to the article for a full and complete statement of its contents.

73.  Plaintiff admits that during the telephone conversation Ms. Weismann requested, among other things, copies of the email cited and referenced in the article, but is without knowledge as to whether she actually stated "CREW wanted copies of the electronic mail messages concerning Deputy Secretary Griles that were cited in the article."

74.  Plaintiff admits that Ms. Thomas informed Ms. Weismann that Susan Schmidt has made a FOIA request or requests to DOI.

75.  Plaintiff admits that according to Ms. Thomas's declaration, she did not believe Ms. Schmidt had obtained the emails referenced in the article through a FOIA request to the OS and that this belief was based on her experience, although Ms. Thomas has failed to explain sufficiently the underlying basis for this belief.

76.  Plaintiff admits that Ms. Thomas recommended to Ms. Weismann that CREW make

another FOIA request for documents that DOI provided to Ms. Schmidt and other requesters prior

to the August 28, 2005 article.  Plaintiff disputes that Ms. Thomas, on behalf of DOI, made this

recommendation in an effort to provide Ms. Weismann with copies of all documents Ms. Schmidt

had received from DOI under the FOIA, given that back on March 18, 2005, DOI had promised to

provide CREW immediately with all the documents the agency had already provided to other

FOIA requesters.  Thomas Decl., ¶5.

77.  Plaintiff admits that according to Ms. Thomas's declaration, she reviewed her records

after this conversation to compare the documents provided to CREW and those provided to Ms.

Schmidt.

78.  Plaintiff admits that according to Ms. Thomas's declaration, she determined, based on

this comparison, CREW should request copies of the documents Ms. Schmidt received in

response four FOIA requests: Nos. OS-2005-00228, OS-2005-00259, OS-2005-00272, and OS-

2005-00413.

79.  Plaintiff admits.

80.  Plaintiff denies, except to admit that on September 26, 2005, it sent a FOIA request

by mail to DOI.  The remainder of this paragraph is a characterization of portions of that request,

which speaks for itself.  The Court is referred to the September 26, 2005 request for a full and

complete statement of its contents.

81.  The facts in this paragraph are not material to this action.

82.  Plaintiff admits that by letter dated September 27, 2005, DOI provided a partial

response to CREW's request of September 26, 2005.

83.  Plaintiff admits that the DOI withheld information pursuant to Exemptions 2,4, 5, and

6 of the FOIA.  The remainder of this paragraph is not material to this action, in which Plaintiff is not challenging the documents or portions of documents that DOI has released.

84-85.  These paragraphs contain characterizations of DOI's letter of September 27, 2005, which speaks for itself.  The Court is referred to that letter for a full and complete statement of its contents.

86.  This paragraph contains characterizations of CREW's appeal letter of October 20, 2005, which speaks for itself.  The Court is referred to that letter for a full and complete statement of its contents.

87.  Plaintiff admits that it did not appeal DOI's August 24, 2005 response.  Plaintiff disputes that BIA responded by letter dated July 29, 2005, to CREW's request of April 21, 2005, and avers that because CREW never received this letter it was never subject to appeal by CREW.  *See* Declaration of Anne L. Weismann (Exhibit 2 to Plaintiff's Opposition).

88.  Plaintiff admits that according to DOI, it received CREW's appeal letter on October 26, 2005.  The facts in the remainder of this paragraph are not material to this action.

89.  This paragraph contains a characterization of CREW's appeal letter of October 20, 2005, which speaks for itself.  The Court is referred to that document for a full and complete statement of its contents.

90.  This paragraph contains a characterization of CREW's appeal letter of October 20, 2005, which speaks for itself.  The Court is referred to that letter for a full and complete statement of its contents.  Plaintiff disputes that its appeal was untimely and the characterization of its statement that it "was not aware of the inadequacy of Interior's prior searches until the August 28, 2005 *Washington Post* article detailing existing emails relevant and responsive to CREW's earlier

13

FOIA requests" as "an effort to excuse its untimely appeal."

91-94.  These paragraphs contain characterizations of portions of CREW's appeal letter of October 20, 2005, which speaks for itself.  The Court is referred to that letter for a full and complete statement of its contents.

95.  Plaintiff admits.

96-99.  These paragraphs contain characterizations of portions of DOI's letter of November 28, 2005, which speaks for itself.   The Court is referred to that letter for a full and complete statement of its contents.  Plaintiff avers that the statement in that letter that OS had provided CREW with all of the documents that were released to four other FOIA requests was false.  *See* Letter from Ray J. McInerney, Acting OS FOIA Team Leader to Anne L. Weismann, April 19, 2006 (Exhibit 3 to Plaintiff's Opposition).

100.  Plaintiff admits, although plaintiff disputes its materiality to this action.

101.  This paragraph contains a characterization of portions of the Complaint, which speaks for itself.  The Court is referred to the Complaint for a full and complete statement of its contents.

102.  Plaintiff admits, although plaintiff disputes its materiality to this action.

103.  Plaintiff admits that on April 19, 2006, DOI sent CREW a letter that DOI characterized as "an amended final response to CREW's September 27, 2005 request."

104.  Plaintiff admits that according to Ms. Thomas's declaration, on April 12, 2006, in the course of reviewing documents provided to CREW, she had failed to recommend that CREW request the second partial response to FOIA number OS-2005-00208.  Plaintiff is without knowledge sufficient to form a belief as to whether this was an inadvertent failure, particularly

14

given Ms. Thomas's explicit promise on March 18, 2005, that she would immediately provide CREW with documents DOI had provided to other FOIA requesters. Thomas Decl., ¶5.

     105.  Plaintiff admits that according to Ms. Thomas's declaration, she had mistakenly believed that the documents from what DOI has characterized as a "second partial response" were included in the documents already released to CREW.

     106.  Plaintiff admits that the DOI withheld information pursuant to Exemptions 2, 5, and 6 of the FOIA.  The remainder of this paragraph is not material to this action, in which Plaintiff is not challenging the documents or portions of documents that DOI has released.

                           Respectfully submitted,

                             ____/s/_____
                             Anne L. Weismann
                             (D.C. Bar No. 298190)
                             Melanie Sloan
                             (D.C. Bar No. 434584)
                             Citizens for Responsibility and
                              Ethics in Washington
                             1400 Eye Street, N.W., Suite 450
                             Washington, D.C.  20005
                             Phone: (202) 408-5565
                             Fax: (202) 588-5020

                             Attorneys for Plaintiff

Dated: May 18, 2006

15