# DEFENDANT'S EXHIBIT 004

Letter of September 30, 2005, from Ms. Sue Ellen Sloca to Ms. Susan Schmidt, regarding FOIA Request OS-2005-00208

 

United States Department of the Interior
OFFICE OF THE SECRETARY
Washington, DC 20240

September 30, 2005

Ms. Susan Schmidt
Business News Department
The Washington Post
1150 15th Street
Washington, D.C. 20071-7403

Dear Ms. Schmidt:

On February 3, 2005, you filed FOIA request, **OS-2005-00208**, in which you requested:

> "Any and all correspondence, memoranda, or other documents received by the Interior Department concerning the Jena Band of Choctaw's effort to obtain a two-part determination for gaming in Logansport La., including materials in BIA gaming office files or in files maintained by Michael Rosetti, former counselor to the Secretary. In addition, please provide all correspondence from members of Congress or their offices from 2000 to the present concerning the Jena Band, the Coushatta tribe of Louisiana, and the Mississippi Choctaw."

On February 4 we acknowledged your request, advised you of your fee status, and informed you that we were initiating a search within the Office of the Secretary and making a referral to BIA for an additional response. We also provided the initial response on behalf of the Office of the Secretary which consisted of 81 documents containing 844 pages. On February 9, 2005, we notified you that your request for expedited processing had been denied.

Since that time you have only received telephone messages describing our progress. Even after acknowledging the volume and complexity of this FOIA request, we are sincerely sorry that its processing has taken this long. We experienced an unprecedented number of FOIA requests during the past year, and some staffing losses. We have been working diligently to acquire and train additional staff. We anticipate, and remain committed to, responding to FOIA requests as promptly as possible in the future.

1

Today we are ready to provide the final response on behalf of the Office of the Secretary. Please find enclosed 234 documents containing 1575 pages as TIFF images on one CD Rom disk. [This means that the total number of documents and pages released to you in response to this FOIA becomes 315 documents, and 2419 pages.]

**Portions of some of these documents have been deleted, pursuant to Exemption 2 of the FOIA (5 U.S.C. § 552 (b)(2)). The following category of information has been deleted:**

    **Cellular Telephone Numbers**

Two courts have held that telephone numbers constitute trivial administrative matters with no genuine public interest. Hale v. Department of Justice, 973 F2d 894, at 902 (10th Cir., 1992); Voinche v. Federal Bureau of Investigations, 46 F.Supp.2d 26, at 30 (D.D.C. 1999). The redacted information pertains to the numbers assigned to the cellular phone numbers provided to federal employees by the government. The release of this information would not shed significant light on any agency personnel rule or practice; nor does the public have a substantial interest in the redacted information. Finally, the information redacted bears no relation to the substantive contents of the records released. Therefore, we have determined that government cellular telephone numbers are withholdable under Exemption 2.

**Portions of some of these documents have been deleted, pursuant to Exemption 5 of the FOIA (5 U.S.C. § 552 (b)(5)).**

Exemption 5 allows an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552 (b)(5). As such, the privilege exempts those documents . . . normally privileged in the civil discovery context. National Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132 (1975) (NLRB). The exemption incorporates several of these privileges from discovery in litigation, including the deliberative process privilege. Id. at 149.

The deliberative process privilege protects the decision-making process of government agencies and encourages the frank discussion of legal and policy issues by ensuring that agencies are not forced to operate in a fish bowl. Mapother v. United States Dept. of Justice, 3 F.3d 1533, 1537 (D.C. Cir. 1993) (citing Wolfe v. United States Dept. of Health & Human Serv., 839 F.2d 768, 773 (D.C. Cir. 1988) (en banc)) (Mapother). Three policy purposes have been advanced by the courts as the bases for this privilege: (1) to encourage open, frank discussions on matters of policy between subordinates and superiors; (2) to protect against

2

premature disclosure of proposed policies before they are finally adopted; and (3) to protect against public confusion that might result from disclosure of reasons and rationales that were not in fact ultimately the grounds for an agency's action. See, e.g., Russell v. United States Dept. of the Air Force, 682 F.2d 1045, 1048 (D.C. Cir. 1982) (Russell); Coastal States Gas Corp. v. United States Dept. of Energy, 617 F.2d 854, 866 (D.C. Cir. 1980).

The deliberative process privilege protects materials that are both predecisional and deliberative. Mapother, 3 F.3d at 1537; Access Reports v. United States Dept of Justice, 926 F.2d 1192, 1195 (D.C. Cir. 1991); Vaughn v. Rosen, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975). A predecisional document is one prepared to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. Maricopa Audubon Society v. United States Forest Serv., 108 F.3d 1089, 1093 (9th Cir. 1997). A predecisional document is part of the deliberative process if the disclosure of the materials would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions. Id.

The portions of the documents that have been withheld pursuant to Exemption 5 are both predecisional and deliberative. They contain recommendations, proposals, suggestions, and/or other subjective documents that reflect the personal opinions of their authors. They do not contain or represent formal or informal agency policies or decisions. Furthermore, they are the result of frank and open discussions among employees of the Department of the Interior. Public dissemination of this information would have a chilling effect on the agency's deliberative processes; it would expose the agency's decision-making process in such a way as to discourage candid discussion within the agency and thereby undermine its ability to perform its mandated functions.

You may note that some of the documents are also labeled as attorney-client or attorney work product. These are two more categories of exempt material under the Freedom of Information Act. Attorney client material concerns "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." Mead Data Cent., Inc. v. United States Dep't of the Air Force, 556 F.2d 242, 252 (D.C. Cir. 1977). Although it fundamentally applies to facts divulged b a client to his attorney, this privilege also encompasses any opinions given by an attorney to the client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. See. E.g., McErlean v. United States Dep't of Justice, No. 97-7831, 1999 WL 791680, at *7 (S.D.N.Y. Sept. 30, 1999. The U.S. Supreme Court has emphasized the public policy underlying this legal principle,

3

"that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); see also FOIA Update, Vol. VI, No. 2, at 3-4 ("OIP Guidance: The Attorney Client Privilege". It has been held that confidentiality may be inferred when the communications suggest that "the government is dealing with its attorneys as would any private party seeking advice to protect personal interests." Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 863 (D.C. Cir. 1980).

The attorney work product material covers any documents which were created by an attorney in contemplation of litigation. See Hickman v. Taylor, 329 U.S. 495, 509-10 (1947); Fed. R. Civ. P. 26(b)(3) (codifying privilege in Federal Rules of Civil Procedure). There is no requirement that litigation actually occur. An example is in Schiller v. NLRB, 964 F.2d 1205, 1208 (D.C. Cir. 1962). Such material is likewise exempt from disclosure under the provisions of the Freedom of Information Act, Exemption 5.

Regarding those documents responsive to this FOIA, all attorney work product material and attorney-client material is also part of the deliberative process that the Department of Interior personnel engaged in during the processing of the matters before it. The attorney-client or attorney work product categorization of some of the documents is not cited as the only reason for withholding some documents, but is in addition to the deliberative process character of those documents.

**Portions of some of these documents have also been deleted, pursuant to Exemption 6 of the FOIA (5 U.S.C. § 552 (b)(6)). The following categories of information pertaining to the individuals named in the records have been deleted:**

**Home addresses
Cellular telephone numbers**

Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The courts have held that the phrase "similar files" involves all information that applies to a particular person.

When disclosure of information about particular individuals is requested, the courts have decided that it is necessary for us to determine whether release of the information would constitute a clearly unwarranted invasion of the individual's privacy.

4

To make this determination, we are required to perform a "balancing test." This means that we must weigh the individual's right to privacy against the public's right to disclosure.

(1) First, we must determine whether the individual has a discernable privacy interest in the information that has been requested.

(2) Next, we must determine whether release of this information would serve "the public interest generally" (i.e., whether it would "shed light on the performance of the agency's statutory duties").

(3) Finally, we must determine whether the public interest in disclosure is greater than the privacy interest of the individual in withholding.

The information that we are withholding consists solely of the above categories of information pertaining to the individuals named in the records. The Office of the Secretary has determined that the individuals to whom this information pertains have a substantial privacy interest in it. Additionally, we have determined that the disclosure of this information would shed little or no light on the performance of the agency's statutory duties and that, on balance, therefore, the public interest to be served by its disclosure does not outweigh the privacy interest of the individuals in question, in withholding it.

In short, we have determined that release of the information that we have withheld would constitute a clearly unwarranted invasion of the privacy of these individuals, and that, therefore, it may be withheld pursuant to Exemption 6.

Donald S. Harris, Attorney-Advisor in the Office of the Solicitor, was consulted in reaching this decision. Sue Ellen Sloca, Office of the Secretary FOIA Officer, is responsible for making this decision.

If you believe that the decision to withhold this information is incorrect, you may file a FOIA appeal by writing to the FOIA Appeals Officer, U.S. Department of the Interior, 1849 C Street, NW, Mail Stop 7456, MIB, Washington, D.C. 20240. Your appeal letter must be received no later than 30 calendar days (excluding Saturdays, Sundays and legal holidays) after the date of your receipt of these documents. Your appeal letter must be marked, both on its envelope and at the top of its first page, with the legend "FREEDOM OF INFORMATION APPEAL." Your appeal letter must be accompanied by a copy of your original FOIA request (a copy of which is enclosed with our response, for your convenience), and a copy of this letter, along with a brief explanation of why you believe that this decision is in error.

The FOIA fee for the processing of your request within the Office of the Secretary is $69.60, calculated as follows:

| 1 | CD ROM disk | @ $ 2.00 per disk |
| 2 | Hours of Professional Search Time | @ $ 8.45 per hour |

However, by regulation the Department of Interior does not bill media requesters for search time. That would leave only the $2.00 charge; it is the policy of the Secretary of the Interior to not collect FOIA processing fees below $30.00 since the cost of collection would be greater than the fee collected. The fee is therefore $00.00 for the processing of this FOIA request. This renders moot any discussion of your request for fee waiver.

This concludes our response to your request.

If you have any questions regarding our response to your request, or any of the issues discussed in this letter, you may contact Linda Thomas by phone at 202-208-7294, by fax at 202-219-2374, by e-mail at osfoia@nbc.gov, or by mail at U.S. Department of the Interior, MS 1413 MIB, Washington, D.C. 20240. Within the Office of the Secretary, we are committed to providing you, our customer, with the highest quality of service possible.

Sincerely,

Sue Ellen Sloca
Office of the Secretary
FOIA Officer

Enclosures

*PRIVACY ACT notice: Before you choose to contact us, electronically, there are a few things you should know. The information you submit, including your electronic address, may be seen by various people. We will scan a copy of your request into our electronic OS FOIA administrative/image file. We will key the information that you provide to us into our electronic OS FOIA tracking file. We may share it with other individuals, both within and without the Department, involved in Freedom of Information Act administration. You may be contacted by any of these individuals. In other limited circumstances, including requests from Congress or private individuals, we may be required by law to disclose some of the information you submit. Also, e-mail is not necessarily secure against interception. If your communication is very sensitive, or includes personal*

6

*information like your bank account, charge card, or social security number, you might want to send it by postal mail, instead.*

7